**DAVIS v BOWMAN et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1684. Decided April 25, 1941

Barger & Orendorf, Dayton, for plaintiff-appellee and for the motion.

Chester J. Graham, Dayton, for defendants-appellants, contra the motion.

## OPINION

BY THE COURT:

Submitted on motion to dismiss the action upon four grounds:

First: Because no notice of appeal was served upon the plaintiff-appellee, or his attorney, as required by the rules of this court.

We know of no rule of court requiring service of notice of appeal upon appellee nor is it required by §12223-4 GC, which is the controlling section, and provides that the appeal is deemed perfected when written notice of appeal shall be filed with the lower court * * * .

Second: Because appeal from the Municipal Court of the city of Dayton to the Common Pleas Court of Montgomery County can not be taken on questions of law and fact.

The Common Pleas Court on motion determined that the appeal to that court could not proceed on questions of law and fact, but held it as an appeal on questions of law and it was so determined. This was appropriate procedure under §12223-2 **GC.**

Third: Because this case can not be appealed on questions of law and fact for the reason the same is not a chancery proceeding.

It is not a chancery proceeding and was so determined in the Common Pleas Court and it will be treated in this court as a law case appealable on questions of law only.

Fourth: Because the dismissal and remanding by the Common Pleas Court of Montgomery County to the Municipal Court of the city of Dayton was not a final order for the reason that it was predicated upon an order and leave given by said Common Pleas Court for defendants-appellants to file a bill of exceptions within thirty days, which order and leave said defendants-appellants refused and neglected to comply with.

The order of the Common Pleas Court was a dismissal of defendants-appellants. This clearly is a final order. As there was no bill of exceptions before the Common Pleas Court and therefore will be none here, we may consider on the appeal only those errors as will be manifest upon the record, if any.

For the benefit of counsel, particularly counsel for appellant, it should be noted that this appeal may not proceed in this court as upon questions of law and fact, but upon law only. It was so heard and decided in the Common Pleas Court. There was no bill of exceptions there and can be none in this court. We find **no** assignment of error and no briefs in the record. If the appeal had proceeded as upon questions of law and fact the filing of the briefs would not be required until the cause was submitted upon the merits. Inasmuch as it will proceed in this court as upon questions of law counsel for appellant should file briefs at once not later than ten days from the journalizing of the ruling on this motion. Answer and reply briefs should thereafter be filed under rule.

If the errors assigned in this court are those set up in the motion for new trial in the trial court and urged as error in the Common Pleas Court, the judgment must be affirmed because all of them require consideration of the evidence before the trial judge and no bill of exceptions is found with the record.

The motion to dismiss the appeal will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.